# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-00020-GCM

| | |
|---|---|
| ELIZABETH BROYHILL, | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendants' Motions to Vacate Entry of Default (Doc. No. 6) and to Compel Arbitration (Doc. No. 3). For the following reasons, both Motions are granted.

## I. BACKGROUND

This matter arises out of a dispute over a loan repayment plan and late fees charged to the Plaintiff pursuant to an Application and Promissory Note for student loans made between Plaintiff and Defendant Navient Solutions, LLC.[1]

Plaintiff initially filed this *pro se* suit against Defendants in the Superior Court of Wilks County, North Carolina, on December 28, 2017. Plaintiff served Defendants' agent for service of process on January 2, 2018. On February 1, 2018, Defendants jointly filed a Notice of Removal in this Court, claiming that this Court has subject matter jurisdiction under both federal question and diversity jurisdiction. After Defendant filed the Notice of Removal in federal court, but before Plaintiff and the Clerk of Court for Wilks County received a copy of the Notice, Plaintiff filed for entry of default in Wilks County. The Clerk of Court for Wilks County entered

---

[1] The Court notes that Defendant Navient Solutions, LLC, was previously known as "Sallie Mae, Inc."

1

default against Defendants on February 6, 2018. Plaintiff claims that she received a copy of the Notice on the evening of February 6, 2018. Although it is unclear when exactly the Notice was received by the Superior Court, the Clerk of Court for Wilks County filed a copy of the Notice in the Superior Court docket on February 9, 2018.

On February 8, 2018, Defendants moved in this Court to dismiss or stay the action and to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* On February 21, 2018, Defendants moved to vacate the entry of default filed in Wilks County Superior Court.

## II. STANDARD OF REVIEW

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Fourth Circuit has a "strong preference" that default judgments be avoided and cases be decided on the merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). There are six factors that a district court must consider in deciding whether to set aside an entry of default: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

## III. DISCUSSION

A)  **Motion to Vacate Entry of Default**

Defendants first argue that the entry of default in the Superior Court of Wilks County was improper because they had timely removed the case to federal court. The process for removal of civil actions is outlined in 28 U.S.C. § 1446. The first step of removal requires the defendant to

file a notice of removal in the district court of the United States for the district and division in which the action is pending.  28 U.S.C. § 1446(a).  The notice of removal must be filed within thirty days after the receipt of the initial complaint by the defendant.  *Id.* § 1446(b).  The defendant must then "promptly" provide written notice of the removal to all adverse parties and the clerk of the State court, "which shall effect the removal."  *Id.* § 1446(d).

As for filing a responsive pleading, under the Rule 12 of the North Carolina Rules of Civil Procedure, a defendant must serve an answer within thirty days after service of the summons and complaint when the State court has jurisdiction.  When a defendant fails to answer in State court within thirty days and a plaintiff moves for an entry of default, the clerk must enter default pursuant to Rule 55 of the North Carolina Rules of Civil Procedure.  When a defendant removes a case to federal court, it has either twenty-one days from the initial service of process or seven days from filing the notice of removal in federal court to file an answer.  Fed. R. Civ. P. 81(c).

If there is a gap between the filing of a notice of removal in federal court and its filing in state court, there is concurrent state and federal jurisdiction over the matter.  *Holmes v. AC&S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) (citing *Burroughs v. Palumbo*, 871 F. Supp. 870, 872 (E.D. Va. 1994)).  Once the notice of removal is effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court.  *Id.*

Here, Defendants filed the Notice of Removal in federal court within the time allotted by the Federal Rules.  However, the gap in filing the Notice in federal court and its receipt by Plaintiff and the Superior Court of Wilks County led to a period of concurrent jurisdiction over the matter.  Concurrent jurisdiction lasted until the Superior Court filed the Notice in State court on February 9, 2018.  Thus, the Clerk of Court of Wilks County properly entered Defendants

into default on February 6, 2018, as Defendants had not filed a responsive pleading in State court pursuant to Rule 12 of the North Carolina Rules of Civil Procedure. *See Burroughs*, 871 F. Supp. At 872 (finding that a state court entry of default judgment during a period of concurrent jurisdiction was proper). Because this Court did not gain exclusive jurisdiction over the matter until February 9, 2018, it must treat the entry of default as if it were entered in federal court. *See Holmes*, 388 F. Supp. 2d at 667.

However, Defendants also argue that if the entry of default was proper, there is good cause to vacate the entry of default. This Court agrees. While the default was entered properly in State court, Defendants timely removed the action and filed an answer in federal court under the Federal Rules of Civil Procedure. Further, each of the six factors identified in *Payne* that govern setting aside an entry of default weighs in Defendants' favor.

First, Defendants raise a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Here, Defendants assert that there is a binding arbitration clause that waives Plaintiff's right to have a court or jury adjudicate the claim.

Second, the Court finds that Defendants acted with "reasonable promptness." Although there was a gap in time between the filing of the Notice of Removal in federal court and its receipt by the Plaintiff and Superior Court, that lapse was less than a week. Further, Defendants did timely file their Notice of Removal and Motion to Compel Arbitration and Dismiss or Stay in federal court.

Third, the Court finds that the personal responsibility of Defendants for the gap in time leading to the entry of default is low. Fourth, the Court finds that Plaintiff has not suffered any

4

prejudice from the delay. Fifth, the Court does not find, and Plaintiff does not allege, that there is any dilatory action in this matter. And sixth, Plaintiff has not sought any lesser sanction and it does not appear to the Court that any is needed.

Given that all of the *Payne* factors weigh in Defendants' favor, the Court finds that good cause exists under Rule 55 to set aside the entry of default in this matter.

**B) Motion to Compel Arbitration and Dismiss or Stay**

Defendants also move for the Court to enter an order compelling Plaintiff to arbitrate her dispute with Defendants pursuant to the terms of the Application and Promissory Note. The terms allow either party to elect to arbitrate and require the other party to arbitrate any claim under the Application and Promissory Note. (Doc. No. 3-2, Ex. A). Plaintiff concedes that the arbitration clause is binding and applicable to her claims and has agreed to participate in arbitration. (Doc. No. 5). Accordingly, the Court must order that the arbitration proceed in the manner provided for in the agreement. 9 U.S.C. § 4.

Defendants move the Court to stay or dismiss this matter as the parties are compelled to proceed to arbitration. Plaintiff requests that the Court grant a stay, rather than a dismissal. "[T]he FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements." *Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001) (citing 9 U.S.C. § 3). The Court must thus stay the instant proceedings pending arbitration.

Finally, Plaintiff requests that the arbitration take place in the State of North Carolina. The Application and Promissory Note states "Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me." (Doc. No. 3-2, Ex. A). The Court finds that the terms of the agreement leave disputes regarding the scope of the arbitration clause to the

5

arbitrator and thus will leave the precise definition of a "reasonably convenient" location for the parties to resolve or the arbitrator to decide.

## IV. CONCLUSION

For the foregoing reasons, the Court therefore **ORDERS** as follows:

(1) Defendants' Motion to Vacate Clerk's Entry of Default (Doc No. 6) is **GRANTED**;

(2) Defendants' Motion to Compel Arbitration and to Dismiss or Stay Action (Doc. No. 3) is **GRANTED IN PART**;

(3) Plaintiff's claims in this matter are compelled to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4;

(4) These proceedings are **STAYED** pending the resolution of the arbitration pursuant to 9 U.S.C. § 3; and

(5) The parties are directed to notify the Court within forty-five (45) days of the conclusion of the arbitration.

**SO ORDERED.**

Signed: March 16, 2018

Graham C. Mullen
United States District Judge